# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE subscriber assigned IP address 76.102.94.73, <br><br> Defendant. | Case Number: 4:17-cv-06665-DMR <br><br> **ORDER ON *EX-PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE \*\*AS MODIFIED\*\*** <br><br> Date: Thursday, January 11, 2018 <br> Time: 11:00 AM <br> Place: Courtroom 4 – 3rd Floor <br> Honorable Donna M. Ryu |

**THIS CAUSE** came before the Court upon Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff has established that "good cause" exists for it to serve a third party subpoena on Comcast Cable (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, \*4 (N.D. Cal. 2008); and *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008);

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an

1

1 IP address as set forth on Exhibit A to the Complaint.  Plaintiff shall attach to any such

2 subpoena a copy of this Order;

3      3.     Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any

4 service provider that is identified in response to a subpoena as a provider of Internet services to

5 one of the Defendants;

6      4.     If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),

7 which states:

8     the term "cable operator" means any person or group of persons

9 (A)  who provides cable service over a cable system and directly or through one

10       or more affiliates owns a significant interest in such cable system, or

11 (B)  who otherwise controls or is responsible for, through any arrangement, the

12       management and operation of such a cable system.

13 it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

14     A cable operator may disclose such [personal identifying] information if the

15     disclosure is . . . made pursuant to a court order authorizing such disclosure, if

16     the subscriber is notified of such order by the person to whom the order is

17     directed.

18 by sending a copy of this Order to the Defendant; and

19      5.     Plaintiff may only use the information disclosed in response to a Rule 45

20 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set

21 forth in its Complaint.

22      6.     <u>The ISP shall serve a copy of the subpoena and a copy of this order on the</u>

23 <u>subscriber within 30 days of the date of service on the ISP.  The ISP may serve the subscribers</u>

24 <u>using any reasonable means, including written notice sent to the subscriber's last known</u>

25 <u>address, transmitted either by first-class mail or via overnight service.</u>

26      7.     <u>Each subscriber and the ISP shall have 30 days from the date of service upon</u>

27 <u>him, her, or it to file any motions in this court contesting the subpoena (including a motion to</u>

28                                 2

Order on *Ex-Parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 4:17-cv-06665-DMR

quash or modify the subpoena). If the 30-day period lapses without the subscriber contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

8. The ISP shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed motion to quash the subpoena with respect to such information.

9. Any name or other personal identifying information of any current or proposed defendant shall be filed UNDER SEAL in all filings.

**DONE AND ORDERED** this 22nd day of December, 2017.

By: _____
**UNITED STATES MAGISTRATE JUDGE**



3